Dear Representatives, Steidley
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Would it be a violation of Oklahoma's lottery statute if aparimutuel track promoted a contest where only those who pay thetrack's admission fee have a chance to win the contest?
 2. If the answer to the foregoing question is that such acontest would be a lottery under Oklahoma law, would the contestbe considered a lottery if those who paid an admission fee areguaranteed, at a minimum, that they will be reimbursed theadmission fee?
 I.
¶ 1 Title 21 O.S. 1051 (1981) defines a lottery under Oklahoma law as follows:
 A lottery is any scheme for the disposal or distribution of property by chance among persons who have paid, or promised, or agreed to pay any valuable consideration for the chance of obtaining such property, or a portion of it, or for any share of or interest in such property, upon any agreement, understanding or expectation that it is to be distributed or disposed of by a lot or chance, whether called a lottery, a raffle, or a gift enterprise, or by whatever name the same may be known.
¶ 2 Your first question asks whether it would be a lottery under Oklahoma law if only those paying an admission fee to enter the track could enter the contest. "Valuable consideration" is defined in 21 O.S. 1051 (1981), as money or goods of actual pecuniary value. The payment of the admission fee is "valuable consideration" as contemplated by 21 O.S. 1051 (1981).
¶ 3 In A.G. Opin. No. 85-015, we addressed whether a Football sweepstakes or Social Security sweepstakes promoted by a newspaper was a lottery under Oklahoma law. In that Opinion, a person would pick winners in football games on a weekly basis and the person picking the most winners was awarded a prize. The social security sweepstakes merely required the person to send his social security number to the newspaper and if drawn the person was awarded a prize. In that Opinion Stanley J. Alexander, OBA #198we found that while the elements of prize and chance were present, the third element, that of consideration was lacking from both schemes, as there was no requirement that a newspaper be purchased in order to enter the contest. However, in the situation presented by your first question there clearly is consideration required in order to participate in the scheme, as the participant must pay an admission fee to enter the track and subsequently participate in the contest.
¶ 4 Therefore, the situation presented by your first question constitutes a lottery under Oklahoma law because you must pay an admission fee in order to have a chance to win the contest and is, therefore, a violation of 21 O.S. 1051 (1981).
 II.
¶ 5 Your next question asks whether it would constitute a lottery under Oklahoma law if an admission fee must be paid to enter a racetrack in order to enter the contest, however, after entering the track, the participant's admission fee is paid back. Under the facts you present, the consideration represented by the admission fee, is ultimately returned to all persons paying the fee. The Oklahoma Court of Criminal Appeals has yet to determine whether the initial payment of a required fee, if returned, would constitute consideration under Oklahoma's lottery laws.
¶ 6 At least two possible analyses of this transaction are available. One analysis would conclude that since one cannot enter the contest without paying an admission fee, in the first instance, the admission fee constitutes consideration. A second analysis would view the transaction as a whole and conclude that since the admission fee is returned, no consideration ultimately flows to the racetrack conducting the contest. The amount of the fee to enter the contest and the timing of the fee's return would also be relevant.
¶ 7 As has been the view of past Attorneys General, we do not believe it is possible for this office to issue an official opinion determining whether the conduct you describe constitutes a violation of a criminal statute. Such a determination involves findings of fact which are beyond the scope of an official Attorney General opinion. Rather, whether the conduct you describe constitutes a violation of criminal laws is a matter to be determined in the first instance by the appropriate district attorneys, and ultimately by a jury, should the district attorney determine prosecution is warranted.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Oklahoma's lottery statute, 21 O.S. 1051 (1982), would beviolated if a parimutuel track promoted a contest where onlythose paying an admission fee to enter the track have a chance towin the contest.
 2. Whether the situation in which a person must pay anadmission fee to enter the parimutuel track and the contest andthen is subsequently refunded the admission fee constitutes alottery under 21 O.S. 1051 (1981), is a factual questioninvolving a determination of whether certain activity iscriminal, and therefore beyond the scope of an Attorney GeneralOpinion.
SUSAN BRIMER LOVING Attorney General of Oklahoma
DIANE L. SLAYTON Assistant Attorney General